IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEMBERS 1ST FEDERAL CREDIT UNION : | |
|     Plaintiff, : | Civil Action No. 1:09-cv-1171 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| METRO BANK, METRO BANCORP, INC., : | |
| COMMERCE BANK/HARRISBURG, : | |
| PENNSYLVANIA COMMERCE : | |
| BANCORP, INC., REPUBLIC FIRST : | |
| BANK, and REPUBLIC FIRST BANCORP, : | |
| INC., : | |
|     Defendants : | |

# MEMORANDUM

Plaintiff filed suit against Defendants alleging trademark infringement and unfair competition. (Doc. No. 1.) Defendants moved for partial summary judgment on Plaintiff's claims for money damages, an accounting of profits, treble damages, and attorneys' fees pursuant to the Lanham Act and the common law. (Doc. No. 48 at 1-2.) The motion has been fully briefed and is now ripe for decision. For the reasons that follow, the Court will grant Defendants' motion in part, and deny Defendants' motion in part.

## I. BACKGROUND

Plaintiff Members First Federal Credit Union, a federally-chartered credit union located in Adams, Cumberland, Dauphin, Lebanon, Perry and York Counties in Pennsylvania, is the owner of a federally-registered trademark for its red "M1st" logo (hereinafter "Members M"). (Doc. No. 49 ¶¶ 4-5.) Plaintiff first began using the Members M in March 2003, and Plaintiff first registered their mark on February 18, 2005. (Id. at ¶ 8.)

1

Prior to becoming Metro Bank in 2009, Defendant Metro Bank was known as Pennsylvania Commerce Bancorp and operated as "Commerce Bank." (Id. at ¶ 12.) Per a contractual agreement with Commerce Bank New Jersey, Defendant Metro Bank was permitted to operate as Commerce Bank and utilize Commerce Bank trademarks and trade dress until Commerce Bank New Jersey ceased operations as Commerce Bank. (Id. at ¶¶ 12, 14.)

In August 2007, Toronto Dominion Bank announced the purchase of Commerce Bank New Jersey. (Id. at ¶ 15.) Pursuant to its contract with Commerce Bank New Jersey, Defendant Metro Bank began a rebranding effort. (Id. at ¶ 16.) Initially, Defendant Metro Bank attempted to retain the use of the Commerce Bank brand and name. (Id. at ¶ 17.) However, following negotiations with Toronto Dominion, Defendant Metro Bank was prohibited from using the name "Commerce," a "C," or Commerce font in connection with its new branding efforts. (Id. at ¶¶ 19-21.) Defendant Metro Bank then entered into merger discussions with Republic First Bank, which was planning to launch a "Metro Bank (UK)" in London. (Id. at ¶¶ 24-26.) Although the merger could not be approved by regulators in time for Defendant Metro Bank to fulfill its rebranding obligations to Toronto Dominion, Defendant Metro Bank's board elected to adopt the Metro Bank name and logo. (Id. at ¶¶ 28-29.) On May 26, 2009, Defendant Metro Bank and Metro Bank (UK) entered into a branding agreement to share costs and divide ownership of all intellectual property developed in connection with the branding of Metro Banks in the United States and the United Kingdom. (Id. at ¶ 30-32.) By the time the branding agreement was finalized, the Metro Bank brand design, including the Metro M Mark (hereinafter "Metro M"), had already been created. (Id. at ¶ 34.) Defendant began using the Metro M on June 14, 2009, and registered it on April 20, 2010. (Id. at ¶ 9.)

Plaintiff alleges that Defendant Metro Bank's extensive use of the Metro M, including "on signage outside its branches, promotional literature, sponsorship of the area's Minor League baseball stadium, billboards, website and Internet advertising, and even a large 6-foot high red 'M,' standing alone, on the outside face of its branch office buildings," has resulted in a number of customers becoming confused by the logos. (Doc. No. 1 ¶ 3-4; Doc. No. 57 at 7-8.) On June 19, 2009, Plaintiff initiated this suit seeking injunctive relief, damages, and other statutory relief based on trademark infringement, misappropriation, unfair competition, and false designation of origin pursuant to the Lanham Act, and for common law trademark infringement and unfair competition. (Doc. No. 1 ¶ 1.) Defendants now seek summary judgment against Plaintiff on Plaintiff's claims for damages, treble damages, an accounting of profits, and attorneys' fees pursuant to 15 U.S.C. § 1117. (Doc. No. 48 at 1-2.)

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party

opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex, 477 U.S. at 322.

With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III. DISCUSSION

As an initial matter, the Court notes that it appears that Plaintiff is unclear as to what relief it is seeking. In its complaint, Plaintiff seeks monetary relief on three theories under the Lanham Act: (1) actual damages, including treble damages; (2) an accounting of profits; and (3)

attorneys' fees.[1] (Doc. No. 1 at 17.) However, in its Brief in Opposition, Plaintiff makes no distinction between an accounting of profits and actual damages.[2] Indeed, Plaintiff only provides argument on the issue of profits and attorneys' fees, repeatedly asserting that it is under no obligation to prove actual damages. (Doc. No. 57. At 9-10.)

Actual damages and profits are two distinct forms of relief under than Lanham Act. See generally 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:57 (4th ed. 1996) (distinguishing between the types of monetary relief afforded by the Lanham Act). Section 35(a) of the Lanham Act provides that the Court may, subject to principles of equity, award monetary relief to a plaintiff who has proved infringement of a registered mark in the form of "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a)(1)-(3) (2006) (emphasis added). These remedies are not mutually exclusive. Where a plaintiff seeks an award of profits and an award of damages a court may, mindful of equitable principles and the prohibition on double recovery, award only one type of relief, award both, or deny all monetary relief. See, e.g., Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 316 U.S. 203, 208 (1942) (vacating and remanding to the district court to determine if actual damages in addition to lost profits are warranted); Restatement (Third) of Unfair Competition § 36 cmt. c (1995). In the case at bar, Defendants do not seek summary

---

[1] For clarity the Court will refer to relief sought under 15 U.S.C. § 1117(a)(1) as "profits" or "disgorgement of profits" and will refer to relief sought under 15 U.S.C. § 1117(a)(2) as "damages" or "actual damages." When referring to relief generally under Section 1117(a) the Court will use the term "monetary relief."

[2] For example, Defendants' statement of questions presented includes four questions directly addressing actual damages, treble damages, accounting of profits, and attorneys' fees. (Doc. No. 50 at 11.) Plaintiff includes only two questions presented. One refers to a "claim for damages" and the other refers to attorneys' fees. (Doc. No. 57 at 4.)

judgment on the issue of infringement or injunctive relief. Rather, Defendants seek summary judgment against Plaintiff only on the issues of damages, treble damages, an accounting of profits, and attorneys' fees. The Court will consider these issues in turn.

**A.     Actual Damages**

As explained by the United States Court of Appeals for the Seventh Circuit:

> A plaintiff wishing to recover damages for a violation of the Lanham Act must prove the defendant's Lanham Act violation, that the violation caused actual confusion among consumers of the plaintiff's product, and, as a result, that the plaintiff suffered actual injury, i.e., a loss of sales, profits, or present value (goodwill).

Web Printing Controls Co. v. Oxy-Dry Corp., 906 F.2d 1202, 1204-05 (7th Cir. 1990); see also Balance Dynamics Corp. v. Schmitt Indus., 204 F.3d 683, 690-91 (6th Cir. 2000); PPX Enterprises, Inc. v. Audiofidelity Enterprises, Inc., 818 F.2d 266, 271 (2d Cir. 1987) (noting the quantum of damages "must be demonstrated with specificity"); J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:72 (4th ed. 1996); Restatement (Third) of Unfair Competition § 36 cmt. c (1995) ("An award of damages is designed to compensate the plaintiff for proven pecuniary loss, and the burden is on the plaintiff to establish the fact and amount of such loss."). "If the record in the district court contains no evidence of actual damage . . . in dollars and cents no monetary award may be made under § 35 of the Lanham Act and the trademark owner must be content with injunctive relief." Caesars World, Inc. v. Venus Lounge, Inc., 520 F.2d 269, 274 (3d Cir. 1975).

Defendants argue that Plaintiff has not produced any admissible evidence establishing the existence of an actual injury, or the extent of said injury, resulting from Defendants' use of the Metro M. Defendants contend that the only piece of evidence that suggests Plaintiff actually lost

6

a customer is an email, itself hearsay, containing an allegation barred by multiple additional levels of hearsay.³ Although Plaintiff does raise questions regarding 110 customers who were "confused" by the logo, including allegations from the email Defendant cites,⁴ Plaintiff offers no evidence to support its claim that it suffered actual injury as a result of this confusion or to show the amount of damages to which it would be entitled if it had established actual injury.

The Court must grant summary judgment on the issue of actual damages. Where, as here, the party opposing a motion for summary judgment bears the ultimate burden of proof on an issue at trial, the moving party discharges its burden by "pointing out" to the court that there is an absence of evidence supporting the nonmoving party's claim. <u>Conoshenti v. Public Serv. Elec. & Gas Co.</u>, 364 F.3d 135, 140 (3d Cir. 2004). The non-moving party then must identify evidence of record that creates a genuine issue of material fact if it is to survive summary judgment. <u>Childers v. Joseph</u>, 842 F.2d 689, 694-95 (3d Cir. 1988). In its brief in opposition, Plaintiff declines to argue that there is a material issue of fact on the issue of actual damages. Rather, Plaintiff focuses exclusively on the issues of disgorgement of profits and attorneys fees, and

---

³ The email reads, in relevant part, "Lisa Spaulding, one of my tellers, just told me that when she interviewed with Kim Ryan at Mt. Rose[,] Kim told her a story about a new member who had an SEG coupon for $25 for direct deposit and took it into Metro when they [sic] saw the "M." <u>Lisa said that Kim told her that the member reported that Metro offered</u> to honor the $25 and match our offer if they [sic] opened the account and Metro and did not bring the coupon to Members 1st." (Doc. No. 57, Ex. 8 at M6203)(emphasis added).) This chain of hearsay could not be admitted as evidence. Fed. R. Evid. 801(c); 805.

⁴ In addition to the allegation regarding Defendant offering to honor a customer's coupon, the email also reports that a branch manager "went to about 15 stores and at 3 of the stores the employee took a look at the coupons and immediately stated that they already have an account with us. In each case I eventually found out that they had confused the "M" with Metro and they actually had accounts with Metro." (Doc. No. 57, Ex. 8 at M6203.) Of course, this section of the email is also hearsay that memorializes further hearsay. Fed. R. Evid. 801(c).

asserts that Plaintiff need not establish actual damages even though Plaintiff is seeking relief in the form of actual damages. (Doc. No. 57 at 9-10.)

Ultimately, "[t]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). Plaintiff does not address the issue of actual damages in its brief in opposition to Defendants' motion. Therefore, the Court must grant Defendants' motion for summary judgment on the issue of actual damages. See Caesars World, Inc., 520 F.2d at 273; see also Strike It Rich, Inc. v. Jos. Schlitz Brewing Co., 505 F. Supp. 89, 92 (D.D.C. 1980) (granting defendant's motion for summary judgment on the issue of damages because plaintiff failed to "demonstrate some actual harm").

**B.     Treble Damages**

The Lanham Act provides that "in assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a). However, the Third Circuit has held that this sentence cannot be the basis of an award of damages because "it assumes an evidentiary basis for the award of some actual damages." Caesars World, Inc., 520 F.2d at 273. Where actual damages are not found, the Court may not award treble damages because, of course, "[t]hree times zero is zero." Id.

As explained, supra, Plaintiff has declined to argue that it has suffered actual damages. Nor has Plaintiff provided any argument on the issue of treble damages. Therefore, because "[t]hree times zero is zero" and Plaintiff has declined to even attempt to satisfy its burden of establishing the existence of actual damages of at least $0.01, the Court will grant Defendants'

8

motion for summary judgment on the issue of treble damages.

**C.     Accounting of Profits**

The Lanham Act permits an award of profits upon a finding of trademark infringement when such an award is supported by "the principles of equity." 15 U.S.C. § 1117(a). The Third Circuit has cited six factors to be considered when determining whether equity supports disgorging an infringer's profits, namely:

> (1) Whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.

Banjo Buddies, Inc. v. Renosky, 399 F.3d 168, 175 (3d Cir. 2005). In addition, although "willful" conduct by the infringer is no longer required for the disgorgement of profits in the Third Circuit, it is an equitable factor that may be considered along with the Banjo Buddies factors. See Gucci Am., Inc. v. Daffy's, Inc., 354 F.3d 228, 242 (3d Cir. 2003).

Plaintiff correctly argues that a weighing of the equities would be premature at this stage of the proceedings. See, e.g., Merisant Co. v. McNeil Nutritionals, LLC, 515 F. Supp. 2d 509, 529 (E.D. Pa. 2007). Before assessing whether an award of profits is equitable, however, Plaintiff must establish that profits are available. Under the Lanham Act, an award of profits is only available if Plaintiff proves Defendants' sales. 15 U.S.C. § 1117(a); see also Venture Tape Corp. v. McGills Glass Warehouse, 540 F.3d 56, 64 (1st Cir. 2008) (finding tax returns indicating gross sales over the relevant period satisfied plaintiff's burden); Banjo Buddies, 399 F.3d at 176 (finding a reporting of total sales of the product in question satisfied plaintiff's burden); Restatement (Third) of Unfair Competition § 37 (1995) ("The plaintiff has the burden of

proving the defendants' gross profits with reasonable certainty; mathematical precision is not required."). Once Plaintiff has established the existence of sales, the burden shifts to Defendants to show that some of those sales were unrelated to and unaided by any unlawful use of a mark. 15 U.S.C. § 1117(a).

While Plaintiff's burden in these cases is low, it will not automatically be met. Gucci, 354 F.3d at 242 (denying profits where defendant sold imitation Gucci handbags because "given the quality, attractiveness, and price of the [imitation] bags, we cannot conclude that [defendant] could not have sold them at the same price even if they contained no reference to 'Gucci'"); see also Accu Personnel v. Accustaff, Inc., 846 F. Supp. 1191, 1215 (D. Del. 1994) (granting summary judgment on the issue of damages and attorneys' fees where plaintiff failed to place evidence in the record relating to actual harm or "actual profits defendant has gained as a result of the alleged acts of infringement"). In the present case, Plaintiff has produced no evidence regarding Defendants' profits or sales. As such, in seeking an award of profits, Plaintiff asks the Court to speculate. Mere speculation cannot satisfy Plaintiff's burden to "prove [Defendants'] sales." 15 U.S.C. § 1117(a); Caesars World, Inc., 520 F.2d at 274 ("If the record in the district court contains no evidence of actual damage or actual profit in dollars and cents no monetary award may be made under § 35 of the Lanham Act and the trademark owner must be content with injunctive relief."). Therefore, the Court must grant Defendants' motion for summary judgment on the issue of an accounting of profits.

**D.**     **Attorneys' Fees**

The Lanham Act allows a prevailing plaintiff to recover attorneys' fees only in "exceptional" cases. 15 U.S.C. § 1117(a); Green v. Fornario, 486 F.3d 100, 103 (3d Cir. 2007).

Determining whether a case is exceptional requires a two-step inquiry. First, the Court must decide whether Defendants' conduct was culpable. Id. Second, if Defendants' conduct was culpable, the Court must determine if the circumstances of the case were exceptional. Id. As such, the Court may not award fees without a finding of culpable conduct, but it may also decline to award attorneys' fees even with a finding of culpable conduct based on the circumstances of the case. Green v. Fornario, 486 F.3d 100, 103-04 (3d Cir. 2007).

Granting summary judgment on the issues of attorneys' fees at this stage would be premature. Plaintiff has produced evidence that Defendants were aware of the Members M, yet adopted the Metro M in spite of the similarities. Viewing this evidence in a light most favorable to Plaintiff, a reasonable fact finder could conclude that Defendants acted with bad faith in adopting the Metro M. See, e.g., Securacomm Consulting v. Securacom, 224 F.3d 273, 280 (3d Cir. 2000). Although Defendants argue the fee award should be denied because Plaintiff has failed to show the existence of damages, Defendants can point to no case law establishing that this factor is dispositive. Ferrero U.S.A., Inc. v. Ozak Trading, Inc., 952 F.2d 44, 49 (3d Cir. 1991) (finding only that the absence of proven damages "bears on the appropriateness" of an award of attorneys' fees). To be sure, the Court does not hold that Plaintiff's case is an exceptional one; however, at this juncture Defendants' have not satisfied their burden of showing that it cannot be. Therefore, Defendants' motion for summary judgment on the issue of attorneys' fees will be denied.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEMBERS 1ST FEDERAL CREDIT UNION** : | |
| Plaintiff, : | Civil Action No. 1:09-cv-1171 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **METRO BANK, METRO BANCORP, INC.,** : | |
| **COMMERCE BANK/HARRISBURG,** : | |
| **PENNSYLVANIA COMMERCE** : | |
| **BANCORP, INC., REPUBLIC FIRST** : | |
| **BANK, and REPUBLIC FIRST BANCORP,** : | |
| **INC.,** : | |
| Defendants : | |

## ORDER

**AND NOW** on this 22nd day of October 2010, upon consideration of Defendants' motion for summary judgment (Doc. No. 48), **IT IS HEREBY ORDERED THAT** Defendants' motion on the issues of actual damages, treble damages, and an accounting of profits under the Lanham Act is **GRANTED** and Defendants' motion on the issue of attorneys' fees is **DENIED**. The Clerk of Courts shall defer entry of judgment until the final disposition of all claims.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania